NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210725-U

NOS. 4-21-0725, 4-22-0351 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| ROGER E. PACE, JR., | ) | Nos. 20CF65 |
| Defendant-Appellant. | ) | 20CF130 |
| | ) | 20CF246 |
| | ) | 20CF248 |
| | ) | 20CM63 |
| | ) | 20CM166 |
| | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court accepted the State's concession of error and reversed the revocation of defendant's conditional discharge where the record reflects the trial court failed to hold a hearing on the merits of the petition to revoke.

¶ 2       Defendant, Roger E. Pace Jr., entered negotiated pleas of guilty to identity theft (720 ILCS 5/16-30(a)(1) (West 2020)) in case No. 20-CF-248, docketed under appeal No. 4-21-0725, unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2020)) in case No. 20-CF-65, attempted residential arson (720 ILCS 5/20-1(b) (West 2020); 720 ILCS 5/8-4 (West 2020)) in case No. 20-CF-130, state benefits fraud (720 ILCS 5/17-6(a) (West 2020)) in case No. 20-CF-246, and two counts of unlawful violation of an order of protection

(720 ILCS 5/12-3.4(a)(1), (2) (West 2020)) in cases 20-CM-63 and 20-CM-166, docketed under appeal No. 4-22-0351. He contends the trial court erred by granting the State's motion to revoke his conditional discharge in his absence and without counsel and in sentencing him in his absence.

¶ 3     In appeal No. 4-21-0725, the State concedes error because the record indicates the trial court failed to hold a hearing on the merits. We accept the State's concession and apply the same reasoning to appeal No. 4-22-0351. Accordingly, we reverse and remand both appeals for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5     We note from the outset the facts underlying appeal Nos. 4-21-0725 and 4-22-0351 are identical. For clarity's sake, we will address the consolidated cases herein as if a single appeal were filed.

¶ 6     On January 28, 2021, defendant entered negotiated guilty pleas in the six cases at issue on appeal in exchange for the dismissal of other charges, a four-year term of conditional discharge in each felony case, and a stayed sentence of four years' incarceration in each felony case, to run consecutively. The conditions included a prohibition against defendant entering Jersey County except for court purposes and a requirement that he advise the clerk's office at all times of his place of residence and a valid phone number.

¶ 7     On February 22, 2021, the State filed a petition to revoke and a motion to lift the stayed sentence, alleging defendant failed to keep the clerk's office advised of his place of residence. On March 9, 2021, defendant failed to appear, but both public defender Scott Schultz and private counsel, Anthony Dos Santos, appeared, although Dos Santos had not yet been formally retained as counsel. The record shows defendant had provided an address for a location

where he did not reside and his phone had been disconnected. The trial court found the State did not adequately serve defendant with the petition to revoke and the court authorized a warrant for his arrest.

¶ 8　　　　On April 13, 2021, defendant appeared, and the trial court appointed the public defender to represent him. The court admonished defendant it could sentence him in his absence if he failed to appear. The court gave defendant similar admonitions on May 10 and May 19, 2021. The court set a hearing on the merits of the State's petition and motion for June 2, 2021.

¶ 9　　　　On June 2, 2021, defendant requested a continuance to retain Dos Santos as private counsel. The trial court told defendant, "You understand that if I grant that request and Mr. Schultz is discharged as your attorney to allow you to seek another attorney, uh, we're gonna have another court date and you're gonna come back." The court further stated, "If you don't have another attorney we're still going [to] proceed." The court granted a continuance to June 15, 2021. The court told defendant it would be the only continuance granted for purposes of hiring private counsel, telling defendant if he did not do so, "you better be prepared to represent yourself with respect to this matter. You understand?" Defendant stated he understood. The court again admonished defendant if he failed to appear, the court could grant the State's requested relief and sentence defendant in his absence.

¶ 10　　　　On June 10, 2021, the State filed another petition to revoke based on new charges defendant unlawfully defrauded drug screen tests (720 ILCS 5/17-57(a)(4) (West 2020)) and violated an order of protection (720 ILCS 5/12-3.4(a)(2) (West 2020)).

¶ 11　　　　On June 16, 2021, the trial court entered an order revoking defendant's conditional discharge, which stated the following:

"Cause comes before the court on the PTR/Motion to Lift Stay filed by the State. On June 2, 2021, Defendant was granted a continuance for the purpose of hiring private counsel. Defendant was notified in open court of today's hearing and in writing, further Defendant was advised that if he fails to appear he can be sentenced in his absence. Defendant has failed to appear and no attorney has filed an entry of appearance on Defendant's behalf. Court hereby grants the State's Petition to Revoke Defendant's conditional discharge in his absence. Court orders Pre-Sentence Investigation and resets the matter for sentencing on June 30 at 1:00 pm. The Defendant had requested appointment of the public defender with respect to new charges filed in [the new criminal case]. Court hereby appoints Public Defender Schultz to represent Defendant in the above listed matters at sentencing."

There is no transcript or substitute for a transcript of that proceeding in the record.

¶ 12        On June 30, 2021, defendant failed to appear, and the trial court held a sentencing hearing in his absence. In the felony cases, the court sentenced defendant to consecutive extended four-year terms of incarceration. Defendant subsequently moved to vacate the judgement and withdraw his plea. Defendant's motion to vacate provided various explanations for his failure to appear and stated he did not receive notice of the sentencing date.

¶ 13        On December 13, 2021, the trial court denied defendant's motion to vacate the judgement and withdraw his plea. Defendant appealed Jersey County case No. 20-CF-248, which this court docketed as Appellate Court case No. 21-0725. This court allowed defendant's late notice of appeal of the remaining felony cases and docketed those matters as Appellate Court case No. 4-22-0351. The briefs were filed in appeal No. 4-22-0351 several months after briefing

had been completed in appeal No. 4-21-0725. Shortly after briefing was completed in appeal No. 4-22-0351, this court, on our own motion, consolidated the appeals for disposition. This appeal followed.

¶ 14                                        II. ANALYSIS

¶ 15          On appeal, defendant argues he was denied the right to counsel where the trial court granted the State's petition to revoke his conditional discharge at a hearing when he was absent and not represented by counsel. He further argues the court erred in sentencing him in his absence. Initially, in appeal No. 4-21-0725, the State conceded error because the record indicated a hearing was never held on the merits of the petition to revoke, and the State agreed the matter should be remanded for a revocation hearing. However, several months later, in appeal No. 4-22-0351, the State disputed defendant's arguments without addressing the reasons for the previous concession of error.

¶ 16          Under section 5-6-4(b) of the Unified Code of Corrections, when a petition is filed charging a violation of a condition of conditional discharge, the trial court "shall conduct a hearing of the alleged violation." 730 ILCS 5/5-6-4(b) (West 2020). In appeal No. 4-21-0725, the State notes the lack of a transcript of the June 15, 2021, hearing and concedes nothing in the record suggests the trial court held a hearing on the merits of the petition to revoke. Instead, the language of the court's order shows it essentially entered a default judgment against defendant.

¶ 17          The trial court was required to hold a hearing on the merits and did not do so. Thus, we agree with the State and accept its concession of error in appeal No. 4-21-0725. Because the identical set of facts are present in appeal No. 4-22-0351, we apply the same reasoning to it. We note our review of the record indicates the State's brief in appeal No.

4-22-0351 was filed before the cases were consolidated. Thus, we assume the existence of the State's previous concession of error was simply overlooked in the subsequent appeal.

¶ 18    Accordingly, in both appeals, we reverse the trial court's June 16, 2021, order revoking defendant's conditional discharge and remand with directions to hold a revocation hearing addressing the merits of the State's petition to revoke and motion to lift the stay.

¶ 19    We pause to point out how timely admonishments pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) offered at the time defendant expressed his desire to release the public defender at the June 2, 2021, hearing could have gone a long way to clear up the record in this case. Whether it would have given defendant greater pause in his choices we do not know, but at least the record would reflect the fully informed choice of defendant.

¶ 20                          III. CONCLUSION

¶ 21    For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this order.

¶ 22    Reversed and remanded.